# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

UNITED STATES OF AMERICA, *ex rel.* MICHAEL J. FISHER, et al., §
§
§
*Plaintiffs/Relators,* §
§
v. §
§
§
WELLS FARGO BANK, N.A., §
§
*Defendant.* §

Civil Action No. 4:16-cv-394
Judge Mazzant

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Reconsider, or Clarify, Ruling on Motion to Dismiss (Dkt. No. 80) (the "Motion") (Dkt. #86). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case involves a *qui tam* action brought under the False Claims Act ("FCA") stemming from the 2008 housing crisis in the United States. The facts of this case are more thoroughly set forth in the Court's September 30, 2025 Memorandum Opinion and Order denying Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (the "Order") (Dkt. #80 at pp. 1–4). Accordingly, the Court recounts only the facts relevant to the instant Motion.

On June 30, 2023, Defendant filed its motion to dismiss arguing, *inter alia*, that all of Relators Michael J. Fisher ("Fisher") and Yaqar Hogan's ("Hogan") (collectively, "Relators") claims in the Second Amended Complaint ("SAC") should be dismissed with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure (*See* Dkt. #60 at pp. 21–25). In support of its failure-to-prosecute arguments, Defendant relied solely on the Relators' significant

delay in serving the SAC (Dkt. #60 at pp. 21–25). On September 27, 2023, Fisher filed his Response opposing each of Defendant's bases for dismissal (*See* Dkt. #67).[1] On September 30, 2025, the Court denied Defendant's motion to dismiss holding, among other things, that the Relators delay in serving Defendant with the SAC does not amount to the type of contumacious conduct that warrants dismissal with prejudice for failure to prosecute under Rule 41(b) (Dkt. #80 at pp. 11–14).

On December 15, 2025, Defendant filed this Motion requesting that the Court reconsider, or in the alternative, clarify portions of the Order denying Defendant's motion to dismiss (Dkt. #86 at p. 1). Defendant argues that the Court should revisit its decision and dismiss Hogan's claims with prejudice under Rule 41(b) for two reasons: (1) the Order failed to consider or rule on its arguments regarding Hogan's failure to prosecute; and (2) Defendant's failure-to-prosecute arguments are presumptively uncontroverted (Dkt. #86 at p. 1). On December 30, 2025, Fisher filed his Response, stating that he takes no position on the relief Defendant seeks as to Hogan's dismissal or the management of Hogan's claims or status as a co-relator (Dkt. #87 at p. 1).[2] On April 7, 2026, Defendant filed a notice of supplemental authorities, in which Defendant cites to binding precedent showing that Hogan is barred from pursuing this action as a *pro se* relator, irrespective of her lack of participation in this litigation (Dkt. #91 at p. 1).

The Motion is now ripe for adjudication.

---

[1] Unlike Fisher, Hogan never filed any response in opposition to Defendant's motion to dismiss (*See* Dkt. #67; Dkt. #69). Indeed, counsel for Fisher has made clear in each of Fisher's filings in the instant action that it does not represent Hogan (*See, e.g.*, Dkt. #67 at p. 9 n.1 ("Counsel for Fisher do not represent Co-Relator Hogan, who according to the docket is *pro se*. This brief is filed on behalf of Fisher only, and not Hogan.")).

[2] Fisher makes clear that he takes no position on Defendant's requested relief only to the extent that it would not have the effect of striking any allegations or causes of action in the operative complaint (Dkt. #87 at p. 1).

## LEGAL STANDARD

### I.    Motion for Reconsideration

A motion for reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b). *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities." *Huddleston v. Fed. Bureau of Investigation*, No. 4:20-CV-00447, 2023 WL 8235243, at *2 (E.D. Tex. Nov. 28, 2023). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336; *see also Rogers v. 12291 CBW, LLC*, No. 1:19-CV-00266-MJT, 2021 WL 11247684, at *1 (E.D. Tex. Mar. 29, 2021) ("The Court's power to modify or reverse a previous non-final judgment is discretionary.").

### II.    Motion for Clarification

There is no Federal Rule of Civil Procedure that specifically governs motions for clarification. *See APL Logistics Ams., Ltd. v. TTE Tech., Inc.*, No. 3:10-CV-02234-P, 2013 WL 12124588, at *1 (N.D. Tex. Mar. 5, 2013) (explaining that "the Federal Rules are silent on motions to clarify."). The case law establishes, however, that "district courts possess the inherent procedural authority to clarify its order for causes seen by it to be sufficient." *PSSI Holdings, LLC v. Calhoun*, No. 5:21-CV-00080-RWS, 2021 WL 6333019, at *1 (E.D. Tex. Nov. 19, 2021) (citation modified). As a discretionary area, a court may issue a clarification "as justice requires." *Id.* (citation omitted).

## ANALYSIS

Defendant argues that the Court should reconsider its Order and dismiss Hogan's claims with prejudice because (1) the Court failed to consider or rule on its arguments regarding Hogan's failure to prosecute; and (2) the Court should treat the arguments set forth in its motion to dismiss as uncontroverted under Local Rule CV-7(d) and governing Fifth Circuit precedent (Dkt. #86 at pp. 3–6). In addition to these arguments, Defendant filed a notice of supplemental authority, arguing that Hogan's claims should be dismissed with prejudice because she is barred from pursuing this action as a *pro se* relator under binding precedent (Dkt. #91 at p. 1). The Court will first address the arguments raised in Defendant's Motion to Reconsider, and then it will proceed to address the argument raised in Defendant's notice of supplemental authority.

## I.      Defendant's Motion to Reconsider

### A.      Hogan's Failure to Prosecute

Defendant argues that reconsideration or clarification is necessary because the Court failed to consider or rule on its separate and distinct arguments regarding Hogan's failure to prosecute; instead, the Court assessed only its failure-to-prosecute arguments as to Fisher, not Hogan (Dkt. #86 at p. 3).[3] Defendant contends that on the issue of failure to prosecute, the Court considered only its argument that Relators' significant delay in serving it with the SAC warrants dismissal under Rule 41(b), and Fisher's arguments in response (Dkt. #86 at p. 4).

---

[3]  Specifically, Defendant contends that the Court failed to consider numerous failures to prosecute by Hogan raised in its briefing, including the following: (1) her failure to file any opposition to Defendant's motion to dismiss under Rule 41(b) or on the merits; (2) her failure to respond to the Court's March 22, 2022 order to serve Defendant; (3) her failure to respond to this Court's January 13, 2023 Notice of Impending Dismissal; and (4) her failure to serve the SAC which was served by Fisher only (Dkt. #86 at p. 3).

The Court finds that Defendant's first argument for reconsideration is unavailing. As a preliminary matter, the Court notes that Defendant did not raise these "separate and distinct" arguments regarding Hogan's failure to prosecute in its initial motion to dismiss, instead relying solely on Relators' significant delay in serving the SAC as the basis for dismissal (*See* Dkt. #60 at pp. 21–25).[4] Indeed, Defendant raised these "separate and distinct" arguments regarding Hogan's failure to prosecute for the first time in its reply brief and without offering an explanation as to why it could not have made these arguments in its initial motion to dismiss (*See* Dkt. #68 at pp. 6–7). It is well-settled in this circuit, however, that courts will not consider arguments raised for the first time in a reply brief. *See Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (per curiam) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."); *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019) ("Arguments raised for the first time in a reply brief are waived."); *Monterey Rsch., LLC v. Renesas Elecs. Corp.*, No. 2:24-CV-00238-JRG, 2025 WL 1953107, at *6 n.3 (E.D. Tex. July 16, 2025) ("The Court disregards new arguments and statements raised for the first time in a reply brief."); *TracBeam, LLC v. Apple, Inc.*, No. 6:14-CV-680, 2015 WL 5786449, at *2 (E.D. Tex. Sept. 29, 2015) (noting that courts disregard new evidence or arguments offered for the first time in the reply brief). Thus, the Court did not address these arguments, not because the Court overlooked them, but because Defendant did not properly raise them.

---

[4] Despite Defendant's arguments to the contrary, the Court did in fact address Defendant's failure-to-prosecute arguments with respect to Hogan. As mentioned above, Defendant's only properly raised argument for dismissal for failure to prosecute was based solely on Relators significant delay in serving the SAC (*See* Dkt. #60 at pp. 21–25). In response to this argument, the Court explicitly addressed and rejected this argument, stating that: "As for the first requisite factor, the facts before the Court do not exhibit a clear record of delay or contumacious conduct by *Relators*. While the Court acknowledges that there was certainly some delay in *Relators* serving Defendant with the SAC, it cannot be characterized as a significant period of total inactivity" (Dkt. #80 at p. 12 (emphasis added)). Thus, Defendant's contention that the Court failed to consider or rule on its arguments with respect to Hogan is wrong.

## B.      Defendant's Uncontroverted Arguments

Defendant also argues that the Court should reconsider its Order and dismiss Hogan's claims with prejudice because its failure-to-prosecute arguments with respect to Hogan are presumptively uncontroverted under Local Rule CV-7(d) and governing Fifth Circuit law (Dkt. #86 at pp. 4–5). The Court first notes that Defendant raises this argument for the first time in its motion for reconsideration without explaining why it failed to raise this argument in its motion to dismiss or why the Court should now consider this new argument. *See Crenshaw Enters., Ltd. v. Irabel, Inc.*, No. 1:17-CV-322, 2018 WL 6220060, at *3 (E.D. Tex. Feb. 15, 2018) ("[M]otions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of judgment."); *Blacks in Tech. Int'l v. Blacks in Tech. LLC*, No. 3:20-CV-03008-X, 2022 WL 3974987, at *1 (N.D. Tex. Aug. 31, 2022) ("Absent a showing of good cause for failure to make an argument, consideration of a party's newly raised ground for relief on motion for reconsideration merely saps judicial resources and invites protracted relitigation."). Here, Defendant could have, and should have, raised this argument in its reply brief, or moved for leave to file a supplemental brief during the ten months before the Court issued its decision. Defendant, however, failed to do so. For this reason alone, Defendant's argument fails. *See Adaptix, Inc. v. AT&T Mobility LLC*, No. 6:12-CV-120, 2014 WL 12622296, at *3 (E.D. Tex. Jan. 27, 2014) (finding that defendants' motion for reconsideration should be denied where defendants "did not present their strongest case when the matter was first considered").

Even if the Court considers this argument, the Court finds that it does not provide a basis for relief. First, Defendant's reliance on Local Rule CV-7(d) as a basis for dismissing Hogan's claims with prejudice is misplaced. Indeed, courts in this district, including this one, have

6

repeatedly rejected this argument.[5] *See Booe v. Alecto Healthcare Servs.*, No. 4:22-CV-110, 2023 WL 4303591, at *2 (E.D. Tex. June 30, 2023) (deciding "what impact [p]laintiff's failure to respond has on the disposition of [defendant]'s motion to dismiss," and finding that "even in absence of a response, the Court must consider the merits of a defendant's motion to dismiss."); *Bass v. Greene*, No. 6:19-CV-00541, 2020 WL 1880946, at *1 (E.D. Tex. Jan. 21, 2020) ("Plaintiffs' failure to respond to [defendant]'s motion does not entitle [defendant] to favorable relief."). Second, Defendant's argument is not supported by Fifth Circuit precedent. The Fifth Circuit has held that the "failure to oppose a 12(b)(6) motion is not itself grounds for granting the motion." *Servicios Azucareros de Venez., C.A. v. John Deere Thidodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *see also Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (per curiam) (unpublished) (finding that the district court improperly granted defendant's motion to dismiss solely because plaintiff failed

---

[5]  Moreover, the Fifth Circuit has long expressed its disapproval of automatically granting a dispositive motion solely based on a party's failure to comply with the local rules. *See Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976) (holding that "a proper sanction for a failure to respond to a motion to dismiss was for the trial court to decide the motion on the papers before it."); *John v. State of La. (Bd. of Trs. for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985) ("[A]lthough we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation."); *Johnson v. Pettiford*, 442 F.3d 917, 918–19 (5th Cir. 2006) (vacating and remanding the district court's dismissal with prejudice of the plaintiff's complaint, notwithstanding the court's local rule that allowed the dismissal on the ground that the plaintiff did not timely respond to the defendant's motion to dismiss). Thus, the Court finds that this argument also fails because it is squarely foreclosed by Fifth Circuit precedent.

to oppose the motion).[6] Therefore, a dismissal pursuant to the local rules based solely on Hogan's failure to respond to Defendant's motion to dismiss would be improper. *See Watson v. United States ex rel. Lerma*, 285 F. App'x 140, 143 (5th Cir. 2008) (per curiam) (unpublished) (holding that "the district court erred in dismissing the case with prejudice based on [p]laintiffs' failure to respond to [d]efendant's motion."). Accordingly, the Court finds that this argument likewise fails.

## II.    Defendant's Notice of Supplemental Authority

In addition to the arguments addressed above, Defendant argues that Hogan is barred from pursuing this action as a *pro se* relator under binding Fifth Circuit precedent (Dkt. #91 at pp. 1–2). Once again, Defendant is raising an argument for the first time in its motion for reconsideration without any explanation for why it failed to raise this argument in its motion to dismiss nor why the Court should now consider this new argument. *See Crenshaw Enters., Ltd.*, 2018 WL 6220060, at *3 ("[M]otions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of judgment."); *Adaptix, Inc.*, 2014 WL 12622296, at *2 ("[L]itigants are expected to present their strongest case when the matter is first considered."). The Court, however, will consider this argument only because it goes to whether this Court has subject matter jurisdiction over Hogan's claims. *See Fort Bend County v. Davis*, 587 U.S. 541, 548 (2019) ("Unlike

---

[6] The Court acknowledges that the Fifth Circuit has said that "a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings." *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) (collecting cases). However, the Fifth Circuit seems to only apply this rule where the plaintiff *actually* responds to the motion to dismiss. *See id.*; *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022); *In re Dall. Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). Thus, the Court concludes that the rule is not applicable here. Indeed, several district courts in this circuit have reached the same conclusion. *See, e.g.*, *Scott v. Wasko*, No. 1:24-CV-01045-ADA, 2025 WL 2237368, at *1 n.1 (W.D. Tex. Aug. 5, 2025) (finding that while it is true that "the Fifth Circuit has said that a party abandons a claim by failing to defend it in response to motions to dismiss. . . . the Fifth Circuit seems to have been referring to situations where the plaintiff *actually* responds to the motion to dismiss." (citation modified)); *Wesner as Tr. of Charles Wesner Jr. Living Tr. v. Southhall*, 772 F. Supp. 3d 700, 707 (N.D. Tex. 2023) (noting that "[i]n the published decisions in this line of Fifth Circuit cases supporting a district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion.").

most arguments, challenges to subject matter jurisdiction may be raised by the defendant at any point in the litigation, and courts must consider them *sua sponte*." (citation modified)); *Redmond v. Polunsky*, No. 4:20-MC-00204-ALM, 2023 WL 2143600, at *2 (E.D. Tex. Feb. 21, 2023) ("At any stage in the litigation, the objection that a federal court lacks subject-matter jurisdiction may be raised." (citation modified)).

The Court finds that this argument has merit. The Fifth Circuit has made it clear that a *pro se* litigant, such as Hogan, may not prosecute an action under the FCA. *See United States ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017) ("Regardless of the right of anyone to represent himself *pro se*, he is not representing himself when he bring an action solely as a relator for another non-intervening party, including the United States, and therefore cannot do so *pro se*."). In light of controlling Fifth Circuit precedent, the Court finds that Hogan's claims should be dismissed. *See Perry v. Texas*, No. 4:21-CV-838-ALM-KPJ, 2022 WL 4479243, at *4 (E.D. Tex. Aug. 9, 2022) (finding that the plaintiff's claims under the FCA are subject to dismissal because the court lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the Government by a *pro se* litigant), *report and recommendation adopted*, No. 4:21-CV-838-ALM-KPJ, 2022 WL 4474141 (E.D. Tex. Sept. 26, 2022). The Court must next determine whether to dismiss Hogan's claims with or without prejudice. When a district court dismisses a claim for lack of subject-matter jurisdiction, the proper course is to dismiss the case without prejudice. *See Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 449 (5th Cir. 2023) ("[I]t's precisely because the jurisdiction-less court cannot reach the merits that it also cannot issue with-prejudice dismissals that would carry *res judicata* effect. So we've repeatedly insisted that a jurisdiction dismissal *must be without* prejudice to refiling in a forum of competent jurisdiction."); *see also Baddourah v. Univ. of Tex. at Tyler*, No. 6:24-CV-00498, 2025

9

WL 2718495, at *2 n.2 (E.D. Tex. Sept. 24, 2025) ("Defendant has requested a dismissal with prejudice. However, a dismissal for jurisdictional issues mandates that the dismissal be without prejudice."). Accordingly, the Court finds that Hogan's claims should be dismissed without prejudice.

## CONCLUSION

It is therefore **ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion to Reconsider, or Clarify, Ruling on Motion to Dismiss (Dkt. No. 80) (Dkt. #86) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that all of Relator Yaqar Hogan's claims set forth in the Second Amended Complaint are hereby **DISMISSED without prejudice**.

It is further **ORDERED** that the Court's dismissal of Relator Yaqar Hogan's claims shall have no effect upon Relator Michael J. Fisher's claims against Defendant Wells Fargo Bank, N.A. in this case.

It is further **ORDERED** that pursuant to the Court's January 12, 2026 Order (Dkt. #89), the parties shall submit a proposed amended scheduling order to the Court within **thirty (30) days** of the date of this Order.

**IT IS SO ORDERED.**

**SIGNED this 27th day of May, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE